UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK BIDON,

    Plaintiff,

  v.

HAROLD CLARK,

    Defendant.

Case No. C06-0084RSM-MJB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S COUNTER MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

This matter comes before the court on Defendant's Motion for Summary Judgment (Dkt. 14) and on Plaintiff's Counter Motion for Summary Judgment (Dkt. 16). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motions.

This motion was assigned by the Chief Judge to the undersigned Judge to assist Magistrate Judge Benton, who is on temporary sick leave.

The court notes that, arguably, Plaintiff's Counter Motion for Summary Judgment was not timely filed. In the interest of deciding the motions on the merits, the court has considered the Counter Motion for Summary Judgment and deems it timely filed.

Plaintiff brings this claim against Harold Clark as the only defendant, and his primary claim is based on 42 U.S.C. § 1983. He also brings supplemental state claims.

[Name of Order] - 1

1       In regard to plaintiff's federal § 1983 claims, the court should first address the issue of qualified immunity, since qualified immunity is immunity from suit and not just immunity from liability.  *See Saucier v. Katz*, 121 S. Ct. 2151 (2001).  In analyzing qualified immunity, the court's first inquiry is whether plaintiff has properly asserted a constitutional violation.  Rather than resolve that question, and for purposes of resolving the issue of qualified immunity only, the court will assume, without finding, that plaintiff has asserted a constitutional violation.  The next inquiry is whether the specific rights claimed were clearly established at the time of the alleged misconduct.  Even if a constitutional violation has been properly asserted by plaintiff, no constitutional rights were clearly established in the law.  All of plaintiff's claims of constitutional violations, failure to pay interest on plaintiff's mandatory savings account, breach of fiduciary responsibility, unconstitutional taking, denial to plaintiff the use of his money, unconstitutionally vague wording in state policies referring to "an emergency," etc., do not allege rights that were clearly established.  The status of the law on these various issues is set out in Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Dkt. 14).  The law, in its current state, does not support plaintiff's position and is certainly not clearly established.  It follows that a reasonable official in the defendant's position would not have believed that his actions were unconstitutional.

        The defendant, Harold Clark, is entitled to qualified immunity from suit and plaintiff's § 1983 claims should be dismissed.

        28 U.S.C. § 1367(c) provides that district courts may decline to supplemental jurisdiction over a claim if (1) the claim raises a complex or novel issue of state law, (2) the state claims predominate over the federal claims, (3) all federal claims have been dismissed, or (4) other compelling reasons exist to decline jurisdiction.  Plaintiff's claim does raise issues that are governed by state law, and those state law claims predominate over the federal § 1983 claims.  Furthermore, those federal claims will now be dismissed, and there is no reason for the court to retain jurisdiction

[Name of Order] - 2

over plaintiff's state claims.  In the interest of judicial economy, convenience, fairness and comity, Plaintiff's state claims should be dismissed without prejudice.  Therefore, it is now

ORDERED that plaintiff's claim against Harold Clark based on 42 U.S.C. § 1983 is hereby DISMISSED with prejudice.  Plaintiff's state claims are hereby dismissed without prejudice, and this case is DISMISSED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record via the CM/ECF system and to any party appearing *pro se* at said party's last known address via the U.S. Mail.

DATED this 21st day of December, 2006.

Robert J. Bryan
United States District Judge

[Name of Order] - 3